IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § | |
| SEDRICK TIMOTHY WALKER, | § | CIVIL ACTION NO. H-06-3796 |
| Debtor/Appellant. | § | Bankruptcy Case 06-35035 |
| | § | |

## MEMORANDUM AND ORDER

Debtor/Appellant Sedrick Timothy Walker, *pro se*, filed a Motion for Leave to Appeal [Doc. # 2] and a Motion for Stay Pending Appeal [Doc. # 3]. Debtor previously filed a Chapter 13 bankruptcy proceeding, Case No. 04-47099, that was dismissed on September 20, 2006. Debtor then filed this Chapter 13 bankruptcy proceeding on September 29, 2006. On November 13, 2006, the Bankruptcy Court issued an Order Confirming Absence of Automatic Stay Per 11 U.S.C. § 372(c)(3)(A). Debtor seeks to appeal this interlocutory order.

The Court has jurisdiction to consider appeals from interlocutory orders by the bankruptcy court "with leave of the court." *See* 28 U.S.C. § 158(a)(3). Although the Fifth Circuit has not stated definitively the standard for deciding whether to grant leave to pursue an interlocutory appeal from a bankruptcy court order, it has noted without criticism that most district courts use the criteria from 28 U.S.C. § 1292, which applies

to interlocutory appeals from district court orders. *See Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991). Under § 1292(b), an appeal from an interlocutory order may be allowed where "it involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the [bankruptcy proceeding]." 28 U.S.C. § 1292(b); *Ichinose*, 946 at 1177.

In this case, Debtor does not identify a controlling question of law about which there is a difference of opinion. Title 11, United States Code, section 362(c)(3) provides clearly and unequivocally that where, as here, the debtor had a bankruptcy case dismissed within one-year before filing the current bankruptcy case, the automatic stay "shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A). Subsection (c)(3)(B) contains a provision for a debtor to file a motion asking the bankruptcy court to continue the automatic stay, but it is undisputed that Debtor did not file such a motion in this case. Additionally, Debtor neither argues nor shows that allowing this interlocutory appeal will "materially advance the ultimate termination" of the bankruptcy case. Accordingly, Debtor has failed to establish that the Court should grant leave to pursue this appeal from the interlocutory order of the bankruptcy court, and it is hereby

**ORDERED** that the Motion for Leave to Appeal [Doc. # 2] is **DENIED**.  It is further

**ORDERED** that the Motion for Stay Pending Appeal [Doc. # 3] is **DENIED AS MOOT**.

SIGNED at Houston, Texas, this **29th** day of **January, 2007.**

_____
Nancy F. Atlas
United States District Judge